## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND

**SANDRA WACK**
13715 Lewisdade Road
Clarksburg, MD  20871

and

**THERESA BUSICK**
19932 Ardenne Way
Owings Mills, MD  21117

and

**KEITH SCHULER**
29199 Corbin Parkway,
Easton, MD, 21601

*Each individually and on behalf of three
classes of similarly situated persons*

     Plaintiffs

*v.*

**PEROUTKA, MILLER, KLIMA &
PETERS, P.A.**
8028 Richie highway S-300
Pasadena, MD  21122
<u>SERVE ON:</u>
Stephen G. Peroutka, Resident Agent
8028 Ritchie Highway, Suite 300
Pasadena, MD 21122

and

**UNIFUND CCR, LLC**
10625 Techwoods Circle
Cincinnati, OH  45242
<u>SERVE ON:</u>
CSC Lawyers Incorporating Service
Company, Resident Agent
7 St. Paul Street, Suite 820
Baltimore, MD  21202

Case No: __17-1271_____

**JURY TRIAL DEMANDED**

and

**LVNV FUNDING, LLC**
15 South main Street
Greenville, S.C.  29601
<u>SERVE ON:</u>
CSC Lawyers Incorporating Service
Company, Resident Agent
7 St. Paul Street, Suite 820
Baltimore, MD  21202

     Defendants

**CLASS ACTION COMPLAINT**

Plaintiffs Sandra Wack, Theresa Busick, and Keith Schuler ("**Named Plaintiffs**"), each individually and on behalf of three Classes of similarly situated persons, through their attorneys Phillip R. Robinson of the Consumer Law Center LLC, Peter A. Holland and Emanwel J. Turnbull of the Holland Law Firm, PC, and Scott C. Borison of Legg Law Firm, LLP hereby bring this Class Action Complaint and Demand for Jury Trial against Defendants Peroutka, Miller, Klima & Peters, P.A. ("the **Peroutka Firm**")**,** Unifund CCR, LLC ("**Unifund**"), LVNV Funding, LLC ("**LVNV**") and in support thereof state:

**I.  INTRODUCTION**

1.     When the District Court of Maryland entered judgment in favor of Unifund CCR, LLC against Theresa Busick, the court awarded costs in the amount of $83.00.  Yet, when Unifund later garnished Ms. Busick's wages, it submitted to the court a Request for Writ of Garnishment of Wages in which it stated that the amount of "court costs due, including this Writ" was $153.00; not the $83.00 that was actually entered plus the

$10.00 authorized by law for the issuance of the Writ.[1] The Peroutka Firm filed the request for the Writ.

2.     When the District Court of Maryland entered judgment against Keith Schuler in favor of Pasadena Receivables, Inc. (a now-defunct debt collection agency that was wholly owned by attorneys Stephen G. and Michael C. Peroutka), the court awarded costs in the amount of $70.00.   Yet, when Unifund (who is the current assignee of the judgment) later hired the Peroutka Firm to collect on the judgment, it submitted to the court on May 19, 2016 a Request for Writ of Garnishment of Wages in which it stated that the amount of "court costs due, including this Writ" was $165.00; not the $70.00 that was actually entered plus the $10.00 authorized by law for the issuance of the Writ. Later, on January 20, 2017, Unifund, (still represented by the Peroutka Firm), filed a Request for Writ of Garnishment of Property Other Than Wages" in which is listed the "court costs due, including Writ of Attachment" as $175.35; not the $70.00 that was actually entered plus the $10.00 authorized by law for the issuance of the Writ.  The Peroutka Firm filed the request for the Writ.

3.     When the District Court of Maryland entered judgment in favor of LVNV Funding, Inc. against Sandra Wack, the court awarded costs in the amount of $80.00. Yet, when LVNV later garnished Ms. Wack's wages, it submitted to the court a Request for Writ of Garnishment of Wages in which it stated that the amount of "court costs due,

---

[1] At all times relevant to this Complaint, the District Court of Maryland charged a filing fee of $10.00 for a Request for Writ of Garnishment of Wages.  At all relevant times the District Court of Maryland charged a filing fee of $10.00 for a Request for Writ of Garnishment Other Than Wages.

including this Writ" was $120.00; not the $80.00 that was actually entered plus the $10.00 authorized by law for the issuance of the Writ. The Peroutka Firm filed the request for the Writ.

4.      In this lawsuit, the Named Plaintiffs challenge certain debt collection practices utilized by the Defendants during post-judgment collection efforts in Maryland. Specifically, the Defendants pad and inflate the amount claimed and collected as "costs" in the Writs of garnishment that they submit to the court and serve upon banks and employers of the Named Plaintiffs and the Classes of persons similarly situated whom they seek to represent.   These padded and inflated costs are also communicated directly or indirectly to the members of the Classes, and are more than the amount that is permitted by law.   In seeking and collecting amounts that are not legally owed, the Defendants violate federal and state debt collection and consumer protection statutes.

5.      In Maryland, a judgment creditor is only permitted to collect by garnishment the "costs actually assessed in the cause."   COM. LAW § 15-605(c).   If a judgment creditor wishes to collect post-judgment costs, it must reserve that right to future costs at the time of judgment.  *SunTrust Bank v. Goldman*, 201 Md. App. 390, 406-07 (2011)(adopting "the general rule that costs of collection are not recoverable absent a statute or public policy providing for such recovery").

6.      The specific practices challenged in this lawsuit relate to the fact that the Defendants illegally inflate and pad the "costs" they claim when they submit writs of garnishment to Maryland courts.  Those inflated and padded "costs" are then approved by unsuspecting courts, and served directly or indirectly on the Named Plaintiffs and the

members of the putative Classes, some of whom paid the illegally inflated and padded "costs."

7.      The Named Plaintiffs seek Declaratory Judgment and Injunctive Relief, as well as actual and statutory damages for violations of the federal and Maryland state consumer debt collection statutes.   The challenged garnishment tactics constitute the kind of predatory and deceptive debt collection practices that Congress and our State have banned and which have garnered headlines over the past several years.   These predatory and deceptive debt collection practices have financially ensnared the Named Plaintiffs and the putative Classes they seek to represent.   Because of the moneys which have been illegally garnished, the Plaintiffs and the Classes continue to suffer damage and losses directly and proximately caused by the unsafe, unsound, and extra-legal debt collection practices engaged in by each of the Defendants.

8.      Specifically, the Peroutka Firm, LVNV, and Unifund knowingly collected or attempted to collect inflated and bogus "costs" from Named Plaintiffs and three Classes of similarly situated persons, under the color of law in writs of garnishment submitted to Maryland state courts.

9.      The bogus and inflated "costs" were illegal because: (i) they were not approved in the original judgments entered against the Named Plaintiffs and putative class members; and (ii) they exceeded the costs of the specific writ of garnishment — which is only $10.00.

10.     The inflated and illegal garnishment fees are imposed by the Defendants, without any input or approval from the Maryland state courts.   Indeed, the state courts and

reasonable persons do not anticipate that judgment creditors and their attorneys will "pad" or otherwise improperly and unfairly inflate the sums claimed due on requests for writs of garnishment. Judgment creditors and their debt collectors in Maryland have no right to pad the sums they seek through garnishment without prior court approval.

11. By unfairly and deceptively aiding and assisting professional defaulted-debt purchasers like Unifund and LVNV in the State of Maryland, as described herein, the Peroutka Firm unfairly and deceptively harmed consumers when it infected the consumer transactions of the putative class members and asserted rights through the state courts which the Peroutka Firm and its attorneys knew did not exist, resulting in financial and other harm to the Named Plaintiffs and members of the Classes.

12. By unfairly and deceptively seeking sums they are not legally entitled to seek in the State of Maryland, Unifund and LVNV have unfairly and deceptively infected the consumer transactions of the putative class members and asserted rights through the state courts which they knew do not exist. In addition to having actual knowledge of their illegal conduct, the specific Defendants in this case have actual knowledge that all persons are presumed to know the law, and that statutes such as the Fair Debt Collection Practices Act and the Maryland Consumer Debt Collection Act are enforced vigorously against offending debt collectors and professional consumer debt purchasers of defaulted accounts and consumer judgments.

13. As a direct and proximate result of the Peroutka Firm's, LVNV's, and Unifund's debt collection practices related to post-judgment attempts to collect sums they are not

legally permitted to collect, Named Plaintiffs and the putative class members have been damaged.

14.    The specific damages and harms that the Defendants caused include but are not limited to:

   a.  the Defendants claim in writs of garnishment that certain costs are due from Named Plaintiffs and the putative class members, when in fact the costs claimed to be due are in excess of the costs actually awarded at judgment, and in excess of the actual cost of the writ of garnishment;

   b.  the Defendants claim, threaten, and seek sums, related to costs in excess of the sums actually awarded in the judgment, when the Defendants are not legally permitted to collect or even attempt to collect such padded "costs";

   c.   the Defendants add bogus fees and costs to the purported judgments against the Named Plaintiffs and the putative class members which are not valid;

   d.  the Defendants record and file documents in Maryland state courts and with third parties demanding payments of costs not validly due from the Named Plaintiffs and putative class members;

   e.  the Defendants use court documents and forms that wrongfully simulate legal or judicial process to collect inflated costs that were never awarded or approved by any court; and

f. By imposing and collecting the bogus and illegal fees, the Defendants violate the statutory rights of the Named Plaintiffs and the putative class members, which entitles them to statutory damages.

## II.  PARTIES

15.    Sandra Wack is a resident of Montgomery County, Maryland, where the events which are related to her claims in this lawsuit occurred.

16.    Theresa Busick is a resident of Baltimore County, Maryland, where the events which are related to her claims in this lawsuit occurred.

17.    Keith Schuler is a resident of Talbot County, Maryland, where the events related to his claims in this lawsuit occurred.

18.    Defendant Unifund CCR, LLC ("Unifund") is a professional debt purchaser of consumer defaulted debts and judgments and a Maryland licensed collection agency.

19.    Defendant LVNV, Funding ("LVNV") is a professional debt purchaser of consumer defaulted debts and judgments and a Maryland licensed collection agency for two locations only. Upon information and belief it also operates out of a location for which it does not have a collection agency license.

20.    Like all junk debt buyers, Unifund and LVNV purchase court judgments and defaulted accounts from others for pennies on the dollar (and occasionally even less than one percent of face value).

21.     Defendant Peroutka, Miller, Klima & Peters, P.A. ("the Peroutka Firm") is a Maryland law firm collection agency that collects judgments in the Maryland courts for professional junk debt purchasers like Unifund and LVNV.

22.     The duties performed by the Peroutka Firm on behalf of Unifund, LVNV, and other professional debt purchasers include seeking garnishments on court forms in the state courts.  While the Peroutka Firm knows or acts with reckless disregard of the fact that the costs it is seeking to collect upon are not what was permitted to be collected by the judgment or are in excess of the actual cost of the writ, it conceals such disclosure from the Named Plaintiffs and the putative class members while making threats to utilize and actually utilizing Maryland state courts to accomplish its illegal scheme.

23.     At all times relevant to this lawsuit the Peroutka Firm and its attorneys were aware that the "costs" sought in the garnishments were illegal inflated.  Further, at all times relevant to this lawsuit, the Peroutka Firm knowingly collected and attempted to collect: (i) costs that were not actually awarded by the judgment on which they sought a garnishment; and/or (ii) costs in excess of the actual costs of the writ of garnishment they are seeking to collect upon.

### III.  JURISDICTION & VENUE

24.     This Court has jurisdiction pursuant to 28 U.S.C.A. § 1331 since certain of the claims asserted herein arise under the laws of the United States.  Further, the Court may elect to retain supplemental jurisdiction over the state law claims pursuant to 28 U.S.C.A. § 1367 since those claims are so related to the federal claims asserted herein that they form part of the same case and controversy.

25.     The Court has declaratory authority over the controversy pursuant to 28 U.S.C.A. § 2201, Fed. R. Civ. P. 57, and MD. CODE ANN., CTS. & JUD PROC. § 3-409.

26.     Venue is appropriate in this Court pursuant to 28 U.S.C.A. § 1391 because a substantial portion part of the events or omissions giving rise to the claims before the Court occurred in this District.

## IV. FACTS

### A.     Relevant and Material Background on the Peroutka Firm, Unifund & LVNV

27.     The Peroutka Firm is a law firm that practices throughout the State of Maryland and represents creditors against consumers including the Named Plaintiffs and putative Class members.   The Peroutka Firm is also a licensed Maryland collection agency (License No. 474).

28.     As a matter of uniform and consistent practice, the Peroutka Firm does not seek to preserve the right to collect post-judgment costs in excess of the costs awarded to their client as part of the judgments it obtains.

29.     The Peroutka Firm and its attorneys are debt collectors as defined by 15 U.S.C. § 1692a(6).

30.     The Peroutka Firm and its attorneys are also collectors as defined by Md. Code Ann., Com. Law § 14-201(b).

31.     Unifund is a professional purchaser of consumer debts in default and judgments for sums less than what is claimed due and owing from the debtors.

32.     Unifund is also a licensed Maryland collection agency (Lic. No. 6184).

33.    As a matter of uniform and consistent practice Unifund does not seek to preserve the right to collect post-judgment costs in excess of the costs awarded to it as part of the judgments it obtains.

34.    As a matter of uniform and consistent practice, Unifund's assignors of judgments assigned to it, do not seek to preserve the right to collect post-judgment costs in excess of the costs awarded to it as part of the judgments it obtains.

35.    Unifund may claim no greater interest in the judgment than its assignor had to give it as a matter of law.

36.    LVNV is a professional purchaser of defaulted consumer debts and judgments for sums less than what is claimed due and owing from the debtors.

37.    LVNV is also a licensed Maryland collection agency (Lic. No. 6325 & Lic. No. 5594).

38.    LVNV also does business at 15 South Main Street in Greenville, SC 29601 where it is not licensed as a collection agency.

39.    As a matter of uniform and consistent practice LVNV does not ever seek to preserve the right to collect post-judgment costs in excess of the costs awarded to it as part of the judgments it obtains.

40.    As a matter of uniform and consistent practice, LVNV's assignors of judgments assigned to it, do not seek to preserve the right to collect post-judgment costs in excess of the costs awarded to it as part of the judgments it obtains.

41.    For those judgments assigned to it, LVNV may claim no greater interest in the judgment than its assignor had to give it as a matter of law.

42.     The Peroutka Firm and its attorneys are debt collectors as defined by 15 U.S.C. § 1692a(6).

43.     Unifund and LVNV are also debt collectors as defined by 15 U.S.C. § 1692a.

44.     Unifund and LVNV are also collectors as defined by Md. Code Ann., Com. Law § 14-201(b).

45.     On behalf of Unifund and other debt collectors including LVNV, the Peroutka Firm pursued more than 100 garnishments in the State of Maryland in the one year before the commencement of this action and more than 300 garnishments in the three years before the commencement of this action.

46.     The Peroutka Firm regularly seeks in these garnishments, costs not actually assessed in the case — in other words, the costs it seeks costs in excess of the costs awarded at judgment.

47.     Unifund and LVNV have pursued more than 100 garnishments in the State of Maryland with the aid and assistance of the Peroutka Firm and other debtor collectors in the one year before the commencement of this action and more than 300 garnishments in the three years before the commencement of this action.

48.     Unifund and LVNV regularly seeks in these garnishments costs not actually assessed in the case — i.e., costs in excess of the costs awarded at judgment.

49.      Upon information and belief, based on their collection contracts and amount of collection actions they have participated statewide for the past ten years, the Peroutka Firm's net worth is in excess of $30,000,000.

50.     According to public records the net worth of Unifund is in excess of $50,000,000. Unifund only intends to acquire defaulted consumer debts and judgments.   In 2016, Unifund acquired from Pasadena Receivables Inc. more than 50 Maryland state court judgments based upon consumer debts.

51.     According to public records the net worth of LVNV is in excess of $50,000,000.

52.     Per its prior sworn testimony, LVNV only intends to acquire defaulted consumer debts and judgments.

> **B.     Background on Judgment Costs and the Costs of Collection in Maryland**

53.     Under Maryland law, a judgment creditor is permitted to pursue a wage or other garnishment from the judgment debtor.   MD. CODE ANN., COM. LAW § 15-605; MD. RULES 3-645, 3-645.1, and 3-646.

54.     However, a judgment creditor is only permitted to collect by garnishment the "costs actually assessed in the cause."   COM. LAW § 15-605(c).   If a judgment creditor wishes to collect post-judgment costs, it must reserve that right to future costs at the time of judgment.   *SunTrust Bank v. Goldman*, 201 Md. App. 390, 406-07 (2011)(adopting "the general rule that costs of collection are not recoverable absent a statute or public policy providing for such recovery").

55.     The garnishment forms used by the District Court of Maryland do permit a judgment creditor to seek costs associated with a particular Writ of Garnishment only. Plaintiffs do not concede there is any authority under Maryland law for this.  In any event the cost of a particular Writ of Garnishment in the District Court is just $10.00

(http://mdcourts.gov/district/forms/acct/dca109.pdf).

56.     The forms provided by the District Court of Maryland (*e.g.,* DC-CV-060, DC-CV-065, *etc.*) provide spaces for a judgment creditor to insert certain amounts *that have been awarded by a court* (*e.g.,* judgment principal, interest, court costs, additional interest, and attorneys fees).  The fact that there is a space for such amounts does not provide a basis for a judgment creditor to insert any amount that the judgment creditor desires.

57.     A Writ of Garnishment is issued by the Clerk of the Maryland court when requested and is not pre-approved by the Court.  The clerks anticipate that when requesting a Writ, judgment creditors and their debt collectors will only seek sums that they are legally entitled to recover.  The clerks do not expect or anticipate or condone the facts that the Defendants illegally pad and inflate the "costs" listed in the Writs.

58.     To the extent that a judgment creditor incurs post-judgment costs that are not recoverable under Maryland law and the judgment creditor did not preserve its right to collect those at the time of judgment pursuant to *SunTrust Bank v. Goldman*, 201 Md. App. at 406-07, the judgment creditor's costs are absorbed into the post-judgment interest rate permitted to it under Maryland law.  That post-judgment interest rate is 10% per annum; considerably higher than the current rate of return on the S&P 500.

59.     A judgment creditor is not permitted to unfairly pad or increase the actual costs awarded to it as part of its judgment in excess of what the Court previously awarded in a specific request for a Writ; in the alternative a judgment creditor is not permitted to seek in a Writ of Garnishment a sum greater than the actual costs awarded to it as part of its judgment plus $10.00 for that particular Writ.

### C.    Background on Named Plaintiffs

**Sandra Wack**

60.    The Defendant LVNV sued Ms. Wack in a consumer claim it filed the District Court of Maryland for Montgomery County, based upon a defaulted account that it acquired for a tiny fraction of the face value of the debt (Case No. 06-01-0021269-2007) **("Wack State Court Lawsuit")**.

61.    At the time that it obtained the judgment against Ms. Wack, LVNV was represented by the law firm of Wolpoff & Abramson, LLP (which subsequently became Mann Bracken, and then went out of business after it was placed in receivership).

62.    In the Wack State Court Lawsuit LVNV claimed to have been assigned the rights to collect a charged-off, consumer credit account originated by Sears MasterCard. LVNV acquired the Sear's MasterCard account subject to the Wack State Court Lawsuit at a time when the account was in default and LVNV paid pennies on the dollar for the debt of what was claimed due and owing from Ms. Wack.

63.    LVNV obtained a judgment against Ms. Wack at a time when LVNV was not licensed as a collection agency under Maryland law but was required to be licensed.

64.    The Maryland Court of Special Appeals has previously held a "judgment[] entered in favor of an unlicensed collection agency [is] void." *Finch v. LVNV Funding, LLC*, 71 A.3d 193, 196 (2013).

65.    In the Wack State Court Lawsuit, LVNV represented that its address was 15 South Main Street in Greenville, SC 29601.

66.    Because the consumer credit account at issue in the Wack State Court Lawsuit was

used solely for the family, personal, or household purposes, it was a "debt" within the meaning of the of the Fair Debt Collection Practices Act and a "consumer transaction" within the meaning of the Maryland Consumer Debt Collection Act.

67.     On July 31, 2008 LVNV obtained a default judgment against Ms. Wack in the Wack State Court Lawsuit (*i.e.*, "**Wack Judgment**").   The Wack Judgment awarded LVNV the sum of $80 in costs.

68.     As part of its regular and routine practice, LVNV did not request the right to petition the state court for future collection costs as was its right pursuant to *SunTrust Bank v. Goldman*, 201 Md. App. at 406-07.

69.     On the 17th day of July, 2012, an Order was entered in the Wack State Court Lawsuit which partially satisfied the Wack Judgment based upon LVNV's Settlement with the Maryland State Collection Agency Licensing Board and the Commissioner of Financial Regulation which was dated June 28, 2012.   LVNV's settlement agreement with the state agencies arose related to LVNV's irregular debt collection practices.   As a result of the settlement, LVNV designated Ms. Wack as a consumer entitled to benefits achieved as a result of the settlement.

70.     On July 21, 2015, by its new counsel Stephen G. Peroutka and the Steve Peroutka Law Group, P.A. n/k/a Peroutka, Miller, Klima & Peters, P.A., LVNV requested that the Clerk of the District Court of Maryland for Montgomery County issue a Writ of Garnishment of Wages on Ms. Wack's wages.   In that request, LVNV and the Peroutka Firm represented that the sum of $110.00 in costs were owed by Ms. Wack on the Wack Judgment, even though the Wack judgment awarded only $80.00 in costs, and even

though the cost of the Writ was only $10.00.

71.     In reliance to LVNV's and the Peroutka Firm's knowingly false representation as to the sums due on the Wack Judgment, including the inflated and padded sum identified as costs, the Clerk of the Clerk of the District Court of Maryland for Montgomery County issued the Writ of Garnishment to Ms. Wack's employer.

72.     On March 28, 2017, by its new counsel Stephen G. Peroutka and the Peroutka Firm, LVNV requested that the Clerk of the District Court of Maryland for Montgomery County issue another Writ of Garnishment of Wages of Ms. Wack's wages.   In that request, LVNV and the Peroutka Firm represented that the sum of $120.00 in costs were owed by Ms. Wack on the Wack Judgment, even though only $80.00 in costs had actually been awarded as part of the Wack Judgment, and even though the cost of the Writ was only $10.00.

73.     In reliance on LVNV's and the Peroutka Firm's knowingly false representation as to the sums due on the Wack Judgment, including the inflated and padded sum identified as costs, the Clerk of the Clerk of the District Court of Maryland for Montgomery County issued the second Writ of Garnishment to Ms. Wack's employer.

74.     At no point did either LVNV or any of its counsel including the Peroutka Firm, ever seek to modify the original Wack Judgment.

75.     As a direct and proximate result of LVNV's and the Peroutka Firm's unfair and deceptive acts and omissions discussed herein Ms. Wack has been damaged and suffered losses.  These include:

        a.  Money was withheld from her salary as a direct resulted of the illegally

padded and inflated sums claimed by LVNV and the Peroutka Firm which they were not entitled to collect since they were not awarded as part of the Wack Judgment.

b.   Noneconomic damages and losses manifested by worry, fear, and frustration that LVNV and the Peroutka Firm would continue to use the court system to attempt to collect sums they know they have no legal right to collect and then to compound matters by refusing and failing to reimburse sums paid to them which each know they had no legal right to retain.

c.   Her statutory rights were violated, and she is therefore entitled to actual and statutory damages available pursuant to the claims asserted herein.

**Theresa Busick**

76.   On November 1, 2012, Pasadena Receivables Inc. sued Ms. Busick in the District Court of Maryland for Baltimore County, Maryland (Case No. 080400016772012) based upon a consumer claim that it acquired in default from another for pennies on the dollar ("**Busick State Court Lawsuit**").

77.   Pasadena Receivables Inc.'s complaint in the Busick State Court Lawsuit was an attempt to collect a charged-off, consumer credit account originated by Shaw's Jewelers. Pasadena Receivables Inc. acquired the Shaw's Jewelers' account subject to the Busick State Court Lawsuit at a time when the account was in default and Pasadena Receivables Inc. paid pennies on the dollar for the debt of what was claimed due and owing from Ms.

Busick.

78.     The consumer credit account at issue in the Busick State Court Lawsuit was used solely for the family, personal, or household purposes which makes the Shaw Jewelers account a "debt" within the meaning of the of the Fair Debt Collection Practices Act and a "consumer transaction" within the meaning of the Maryland Consumer Debt Collection Act.

79.     On October 31, 2012 Pasadena Receivables Inc. obtained a default judgment against Ms. Busick in the Busick State Court Lawsuit (the "**Busick Judgment**").  The Busick Judgment awarded Pasadena Receivables Inc. the sum of $83 in costs.

80.     As part of its regular and routine practice, Pasadena Receivables Inc. did not request the right to petition the state court for future collection costs as was its right pursuant to *SunTrust Bank v. Goldman*, 201 Md. App. at 406-07.

81.     At a time when the Busick Judgment remained unpaid, Pasadena Receivables Inc. assigned it to Unifund.  The assignment was filed in the Busick State Court Lawsuit on April 20, 2016.

82.     At no point did either Pasadena Receivables Inc. or any of its successors in interest, including Unifund, ever seek to modify the Court's original judgment.

83.     On or about May 18, 2016, Ms. Busick and Unifund entered into a payment arrangement related to the Busick Judgment.  At that time Unifund and the Peroutka Firm claimed that the balance due was $1,478.27, an amount that is more than the sum that was legally due.

84.     As part of that payment agreement and in reliance to Unifund's and the Peroutka

Firm, Ms. Busick made multiple payments of $36.00 to Unifund, which were acknowledged in writing by Unifund 's counsel—*i.e.,* the Peroutka Firm.

85.     On or about December 28, 2016, the Peroutka Firm, on behalf of and with the complete authority of Unifund, requested that the Clerk of the District Court of Maryland for Baltimore County issue a Writ of Garnishment of Wages of Ms. Busick's wages.  In that request, Unifund and the Peroutka Firm represented that the sum of $153.00 in costs were owed by Ms. Busick on Busick Judgment even though only $83.00 in costs had actually been awarded as part of the Busick Judgment and the cost of the Writ was only $10.00.

86.     In reliance to Unifund's and the Peroutka Firm's knowingly false representation as to the sums due on the Busick Judgment, including the inflated and padded sum identified as costs, the Clerk of the Clerk of the District Court of Maryland for Baltimore County issued the Writ of Garnishment to Ms. Busick's employer.

87.     In response to the improper and unfair Writ of Garnishment issued to her employer, Ms. Busick engaged counsel to file an Objection and Motion to Dismiss the Writ of Garnishment with the District Court of Maryland for Baltimore County.

88.     A hearing was held at District Court of Maryland for Baltimore County on Ms. Busick's Objection and Motion to Dismiss the Writ of Garnishment on March 9, 2017 and the Court heard argument on the objection and motion and Granted Ms. Busick's motion.  In granting Ms. Busick's motion the state court specifically held and found the following:

        a. Unifund and the Peroutka Firm were not permitted to collect by

garnishment any costs in excess of the costs awarded at trial and in excess of the costs associated with the actual judgment.

b. The rule established in *SunTrust Bank v. Goldman*, discussed *supra*, was not limited just "attorney fees" but also included "costs."

89.    Because neither Unifund nor the Peroutka Firm appealed the District Court of Maryland for Baltimore County's March 9, 2017 order, it is now a final judgment.

90.    Notwithstanding that Unifund and the Peroutka Firm knew that the garnishment to Ms. Busick's employer had been dismissed and was otherwise found to have been improperly sought, Unifund and the Peroutka Firm accepted from Ms. Busick's employer the sum of $125.00 paid to it on March 17, 2017 based upon its unfair and deceptive representation to Ms. Busick's employer.

91.    Despite the fact that there is a final judgment entered in favor of Ms. Busick which dismissed the garnishment, Unifund and the Peroutka Firm retained the money they collected on March 17, 2017; money they knew they had no right to keep, because the March 9, 2017 order became a final judgment.

92.    As a direct and proximate result of Unifund's and the Peroutka Firm's unfair and deceptive acts and omissions discussed herein Ms. Busick has been damaged and suffered losses.  These include:

a. She incurred attorney fees in the sum of $2,160 to prepare and defend her successful Objection and Motion to Dismiss the Writ of Garnishment in the District Court of Maryland for Baltimore County;

b. She had the sum of $125.00 wrongfully withheld from her salary and, to

add insult to injury, when this sum was mistakenly paid to Unifund and the Peroutka Firm by her employer, Unifund and the Peroutka Firm kept the funds even though they knew it was paid to them based upon their false representations to the Court and they retained the money despite the March 9, 2017 Order of the District Court quashing the garnishment (which became a final judgment);

c. Noneconomic damage and losses manifested by frustration, annoyance, and the fact that Unifund and the Peroutka Firm continue to use the court system to attempt to collect sums they know they have no legal right to collect and then to compound matters by refusing and failing to reimburse sums paid to them which each know they have no legal right to retain.

d. Her statutory rights were violated, and she is entitled to actual and statutory damages available pursuant to the claims asserted herein.

**Keith Schuler**

93.     On June 18, 2009, Pasadena Receivables Inc. sued Mr. Schuler in the District Court of Maryland for Talbot County, Maryland (Case No. 0305-0000677-2009) based upon a consumer claim that it acquired in default from another for pennies on the dollar ("**Schuler State Court Lawsuit**").

94.     Pasadena Receivables Inc.'s complaint in the Schuler State Court Lawsuit was an attempt to collect a charged-off, consumer credit account originated by CitiFinancial.

95.     Pasadena Receivables Inc. acquired the CitiFinancial account subject to the

Schuler State Court Lawsuit for a price that was only a small fraction of its face value at a time when the account was in default.

96.     The consumer credit account at issue in the Schuler State Court Lawsuit was used solely for the family, personal, or household purposes which makes the CitiFinancial account a "debt" within the meaning of the of the Fair Debt Collection Practices Act and a "consumer transaction" within the meaning of the Maryland Consumer Debt Collection Act.

97.     On August 20, 2009 Pasadena Receivables Inc. obtained a default judgment against Mr. Schuler in the Schuler State Court Lawsuit (*i.e.,* "**Schuler Judgment**").

98.     The Schuler Judgment awarded Pasadena Receivables Inc. the sum of $70 in costs.

99.     As part of its regular and routine practice, Pasadena Receivables Inc. did not request the right to petition the state court for future collection costs as was its right pursuant to *SunTrust Bank v. Goldman*, 201 Md. App. at 406-07.

100.    At a time when the Schuler Judgment Remained unpaid, Pasadena Receivables Inc. assigned it to Unifund.  The assignment was filed in the Schuler State Court Lawsuit on April 16, 2016.

101.    At no point did either Pasadena Receivables Inc. or any of its successors in interest, including Unifund, ever seek to modify the Court's original judgment.

102.    On or about May 18, 2016, the Peroutka Firm, on behalf of and with the complete authority of Unifund, requested that the Clerk of the District Court of Maryland for Talbot County issue a Writ of Garnishment of Wages against Mr. Schuler's wages.  In that request, Unifund and the Peroutka Firm represented that the sum of $165.00 in costs

were owed by Mr. Schuler on the Schuler Judgment, even though only $70.00 in costs had actually been awarded as part of the Schuler Judgment and the cost of the Writ was only $10.00.

103.    On or about January 20, 2017, the Peroutka Firm, on behalf of and with the complete authority of Unifund, requested that the clerk of the District Court of Maryland for Talbot County issue a Write of Garnishment of Property Other Than Wages against Mr. Schuler's bank account. In that request, Unifund and the Peroutka Firm represented that the sum of $175.35 in costs were owed by Mr. Schuler on the Schuler Judgment, even though only $70.00 in costs had actually been awarded as part of the Schuler Judgment and the cost of the Writ was only $10.00

104.    In reliance on Unifund's and the Peroutka Firm's willful false representation as to the sums due on the Schuler Judgment, including the inflated and padded sum identified as costs, the Clerk of the Clerk of the District Court of Maryland for Talbot County issued the Writ of Garnishment of Wages to Mr. Schuler 's former employer and issued the Writ of Garnishment of Property to Mr. Schuler's Bank.

105.    In response to the improper and unfair Writ of Garnishment issued to her employer, Mr. Schuler engaged counsel.

106.    Through counsel, Mr. Schuler elected to exempt his bank account from garnishment, as permitted by Maryland Law.  The Peroutka Firm conceded that Mr. Schuler's account was exempt.

107.    As a direct and proximate result of Unifund's and the Peroutka Firm's unfair and deceptive acts and omissions discussed herein Mr. Schuler has been damaged and

suffered losses.  These include:

    a.  His bank account was frozen and he lost access to his money as a result of the improper Writ issued to his bank, claiming sums due to Unifund which were not lawfully due since they were not awarded as part of the Schuler Judgment.

    b.  Noneconomic damage and losses manifested by anxiety, anger, fear, and frustration that LVNV and the Peroutka Firm would continue to use the court system to attempt to collect sums they know they have no legal right to collect.

    c.  His statutory rights were violated, and he is entitled to actual and statutory damages available pursuant to the claims asserted herein.

### D. THE DEFENDANT'S LEGAL DUTIES RELATED TO THE SUBJECT TRANSACTION

108.  The Maryland Court of Appeals held that a professional who has no direct communication with a borrower nevertheless has a duty to a consumer under the Maryland Consumer Protection Act and Maryland common law to make a "reasonable investigation" of the true facts in a real estate transaction on which the borrower (and other parties) would rely in order to complete the transaction.  *Hoffman v. Stamper*, 385 Md. 1, 867 A.2d 276 (2005).  This same duty of care applies to Unifund, LVNV, and the Peroutka Firm acting as (i) collectors under the Maryland Consumer Debt Collection Act, (ii) debt collectors under the Fair Debt Collection Practices Act, and (iii) collection agencies pursuant to the Maryland Collection Agency Licensing Act.

### E.  Named Plaintiff's Class Allegations

109.    This action is brought on behalf of the Named Plaintiffs and on behalf of three

Classes defined under Fed. R. Civ. P. 23.

110.    Named Plaintiffs propose, as the definition of the "Peroutka Class," that it be

defined as follows:

> All persons in the State of Maryland (1) with whom the Peroutka Firm has
> communicated either directly or indirectly; (2) in the last three years; (3) for
> the purpose of collecting upon a judgment by the use of a Writ of
> Garnishment; and (4) from whom the Peroutka Firm sought (either for itself
> or on behalf of its clients) costs in an amount greater than the costs actually
> assessed by the judgment.

111.    Named Plaintiffs Busick and Schuler propose, as the definition of the "Unifund

Class," that it be defined as follows:

> All persons in the State of Maryland (1) with whom Unifund has
> communicated either directly or indirectly; (2) in the last three years; (3) for
> the purpose of collecting upon a judgment by the use of a Writ of
> Garnishment; and (4) from whom Unifund sought costs in an amount
> greater than the costs actually assessed by the judgment.

112.    Named Plaintiff Wack proposes, as the definition of the "LVNV Class," that it be

defined as follows:

> All persons in the State of Maryland (1) with whom LVNV has
> communicated either directly or indirectly; (2) in the last three years; (3) for
> the purpose of collecting upon a judgment by the use of a Writ of
> Garnishment; and (4) from whom LVNV sought costs in an amount greater
> than the costs actually assessed by the judgment.

113.    The particular members of the Peroutka Class, the Unifund Class, and the LVNV

Class are capable of being described without managerial or administrative difficulty.  The

members of each putative class are also readily identifiable from each of the Defendants'

business records, and from public records.

114.    Upon information and belief, the size of each class exceeds more than a hundred persons.  The members of each of the three proposed Classes are sufficiently numerous that individual joinder of all members is impractical.  This allegation is based in part on the fact that, according to public records including Maryland Judiciary Case Search, each of the Defendants have appeared in literally tens of thousands of collection actions related to consumer claims throughout the State of Maryland.

115.    According to public records including Maryland Judiciary Case Search, each of the three Defendants have attempted and/or actually utilized the collection tools of the state courts, including requests for writs of garnishment, to collect from the members of each of the three proposed Classes.

116.    There are questions of law and fact common to the Peroutka Class, LVNV Class, and Unifund Class which predominate over any questions affecting only individual members of each class and, in fact, the wrongs alleged against the Peroutka Firm, LVNV, and Unifund by the Peroutka Class, LVNV Class, and Unifund Class members and the remedies sought by Named Plaintiffs and the Peroutka Class, LVNV Class, and Unifund Class against the Peroutka Firm, LVNV and Unifund are identical, the only difference being the exact sum which each class member is entitled to receive.  The common issues include, but are not limited to:

        a.  Whether the Peroutka Firm, LVNV, and Unifund are permitted as a matter of collateral estoppel or barred by res judicata to claim any right to attempt to collect and actually collect post judgment collection costs in an amount

in excess of those costs actually assessed in the cause at judgment, since neither the Peroutka Firm nor Unifund timely appealed the adverse ruling against their practice in the District Court of Maryland for Baltimore County on March 9, 2017 in the Busick State Court Lawsuit;

b. Whether the Peroutka Firm, LVNV, or Unifund may lawfully assess consumer accounts for collection costs in an amount in excess of those costs actually assessed in the cause at judgment in the State of Maryland;

c. Whether the Peroutka Firm, LVNV or Unifund may lawfully collect upon Writs of Garnishment under the color of law in a Maryland state court in which they claim an amount of collection costs greater than those costs actually assessed in the case at judgment;

d. Whether the Peroutka Firm's, LVNV's or Unifund's use of court forms to collect on a writ of garnishment in which they claim an amount of collection costs in excess of those costs actually assessed in the cause at judgment simulates legal or judicial process;

e. Whether the Peroutka Firm, LVNV or Unifund disclosed to the Named Plaintiffs and the Peroutka Class, LVNV Class, and Unifund Class members and the Maryland Courts that the post-judgment collection costs were in excess of those costs actually assessed in the cause at judgment, or whether they purposefully omitted such material facts;

f. Whether the Peroutka Firm's, LVNV's, or Unifund's concealment of the true facts, that the post-judgment collection costs were in excess of those

costs actually assessed in the case at judgment, tolls any limitations period(s) applied to each class' claims;

g.  Whether the Peroutka Firm, LVNV or Unifund knowingly communicated false or misleading information to other persons concerning post-judgment collection costs that were in excess of those costs actually assessed in the case at judgment in order to force the Named Plaintiffs and the Peroutka Class, LVNV Class, and Unifund Class members to pay sums not lawfully owed; and

h.  Whether the Peroutka Firm, LVNV, and Unifund are permitted to continue to seek to collect post-judgment collection costs in excess of those costs actually assessed at the time of judgment from the Peroutka Class, LVNV Class, and Unifund Class members.

117.  Named Plaintiffs' legal and equitable claims are typical of and identical to each member of the Peroutka Class, LVNV Class, and Unifund Class and will be based on the same legal and factual theories.

118.  The Peroutka Firm's, LVNV's, and Unifund's defenses (which defenses are denied) would be typical of and identical for each member of Peroutka Class, LVNV Class, and Unifund Class and will be based on the same legal and factual theories.

119.  The Named Plaintiffs will fairly and adequately represent and protect the interests of the Peroutka Class, LVNV Class, and Unifund Class members.

120.  Named Plaintiffs have retained counsel experienced in consumer class actions including actions involving unlawful lending and debt collection practices.

121.    Named Plaintiffs do not have any interests which might prevent them from vigorously prosecuting this action or that are otherwise antagonistic or adverse to the interests of the members of the Peroutka Class, LVNV Class, and Unifund Class.

122.    Certification of a Class under Fed. R. Civ. P. 23(b)(2) and (b)(3) is appropriate as to the Peroutka Class, LVNV Class, and Unifund Class members in that common questions predominate over any individual questions and a class action is superior for the fair and efficient adjudication of this controversy.  A class action will cause an orderly and expeditious administration of Peroutka Class, LVNV Class, and Unifund Class members' claims, and economies of time, effort and expenses will be fostered and uniformity of decisions will be ensured.

123.    Named Plaintiff's claims are typical of the claims of the Peroutka Class, LVNV Class and Unifund Class members.

124.    Named Plaintiffs will fairly and adequately protect the interests of all Peroutka Class and Unifund Class members in the prosecution of this action. They are similarly situated with, and have suffered injuries similar to the members of the Peroutka Class and Unifund Class they seeks to represent.  Named Plaintiffs have been wronged, wish to obtain redress of the wrong, and want the Defendants stopped from enriching themselves and others via illegal activities or otherwise perpetrating similar wrongs on others.

125.    The Peroutka Firm's, LVNV's and Unifund's failure to disclose to the state courts and to the Peroutka Class, LVNV Class, and Unifund Class members the true costs legally recoverable through writs of garnishment has equitably tolled the running of any limitations that may otherwise apply to the claims of the Named Plaintiffs and the

members of the Peroutka Class, LVNV Class, and Unifund Class until the Peroutka Firm, LVNV, and Unifund make the disclosures each are required to make or the Named Plaintiffs and Peroutka Class, LVNV Class, and Unifund Class members became aware that neither the Peroutka Firm, LVNV nor Unifund had a right to add collection costs in excess of the sums assessed at judgment—a date which is less than a year before the commencement of this action.

126.   Neither the Peroutka Firm, LVNV nor Unifund may benefit from their failure to properly and fully disclose the true facts known to them.  The Peroutka Firm's, LVNV's, and Unifund's affirmative acts, including using official court forms and their status as collection professionals are factors that contributed to and delayed the Peroutka Class, LVNV Class, and Unifund Class members' discovery of the true facts that the Peroutka Firm, LVNV, and Unifund were seeking costs in an amount greater than the costs actually assessed in the case at judgment.

127.   The Named Plaintiffs and members of the Peroutka Class, LVNV Class, and Unifund Class were not required to assume that the Peroutka Firm, LVNV, and Unifund were engaging in illegal activities with the aid and assistance of the courts.  The Named Plaintiffs and members of the Peroutka Class, LVNV Class, and Unifund Class were reasonable in assuming that Defendants were acting legally rather than acting unfairly and deceptively.

128.   Any limitations period that may otherwise apply to claims of the Named Plaintiffs and members of the Peroutka Class, LVNV Class, and Unifund Class is equitably tolled since the Peroutka Firm, LVNV, and Unifund had a duty to disclose material facts to the

Named Plaintiff, the state court clerks, and the Peroutka Class, LVNV Class, and Unifund Class but failed to disclose truthful, material facts to each concerning the issues before the courts.  The omission of these facts made the Peroutka Firm's, LVNV's, and Unifund's actions unfair or deceptive, unsupported by Maryland law and Rules, and otherwise wrong as each asserted rights without any basis to do so, in violation of Maryland and federal consumer protection statutes..

129.    Due to their presumed and actual knowledge, as described above, the Peroutka Firm, LVNV, and Unifund had an appreciation that each was not entitled to receive the benefits they were attempting to collect or actually collecting from the Plaintiffs and the Peroutka Class, LVNV Class, and Unifund Class members costs not awarded as part of the underlying judgment and not authorized by Maryland law or Rules.

130.    The Peroutka Class, LVNV Class, and Unifund Class members have suffered damages, losses, and harm similar those sustained by the Named Plaintiffs as described above.

## COUNT I: DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF
### (Against Each Defendant on Behalf of the Peroutka Class, LVNV Class, and the Unifund Class)

131.    Named Plaintiffs incorporate all preceding paragraphs as if set forth fully herein.

132.    Named Plaintiffs seek a declaration that the Peroutka Firm, LVNV, and Unifund are not entitled, directly or indirectly, as a matter of law to seek or collect costs in an amount greater than the costs actually assessed in a case at judgment against any member of the Peroutka Class, LVNV Class, and Unifund Class.

133.    Named Plaintiffs also seek a declaration that the Peroutka Firm, LVNV, and Unifund may not, directly or indirectly threaten or actually utilize the assistance of any Maryland court to collect or attempt to collect costs in an amount greater than the costs actually assessed in a case at judgment against any member of the Peroutka Class, LVNV Class, and Unifund Class.

134.    The Peroutka Firm, LVNV, and Unifund should be enjoined from attempting to collect any costs in an amount greater than the costs actually assessed in the case at judgment against any member of the Peroutka Class, LVNV Class, and Unifund Class directly or indirectly.

WHEREFORE, Named Plaintiffs pray that this Court enter judgment in their favor and to:

A.    Certify this case as a class action with the Named Plaintiffs as the Class Representatives and their attorneys as counsel to represent the members in the Peroutka Class, in the LVNV Class, and in the Unifund Class;

B.    Order appropriate injunctive relief including a preliminary and permanent injunction against the Defendants to prevent further violations of law, and to prevent them from aiding or abetting, or providing benefits to any person who seeks to collect post-judgment costs in an amount greater than the costs actually assessed in the cause at judgment;

C.    Order and declare that as a matter of law that the Defendants and any person acting on their behalf, including their authorized agents and attorneys, may not collect directly or indirectly from Named Plaintiffs or

the Classes post-judgment costs in an amount greater than the costs actually assessed in the cause at judgment;

D.    Order and declare that the Defendants are not entitled to the assistance of any Maryland Court to collect any post-judgment costs in an amount greater than the costs actually assessed in the cause at judgment from any members of the Classes;

E.    Award reasonable attorneys' fees, litigation expenses and costs;

F.    Order other appropriate declaratory relief; and

G.    Provide such other or further relief as the Court deems appropriate.

## COUNT II: VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, U.S.C. § 1692, *et seq.*
### (Against the Peroutka Firm on Behalf of the Peroutka Class)

135.   Named Plaintiffs incorporate all preceding paragraphs as if set forth fully herein.

136.   Defendant Peroutka Firm acquired its interest, to collect for another, in the Named Plaintiff's and Peroutka Class members' consumer accounts during a period in which it alleges (directly and indirectly) accounts were owed and unpaid and therefore it is a Debt Collector within the meaning of 15 U.S.C. § 1692a(6).

137.   By communicating with the Named Plaintiffs and Peroutka Class members directly and indirectly and threatening, attempting and/or actually collecting collection costs in an amount greater than the costs actually assessed in the cases at judgment, the Peroutka Firm used false, deceptive, or misleading representations or means in connection with the collection of the consumer debts of the Named Plaintiffs and Peroutka Class members in violation of 15 U.S.C. § 1692e.

138.    The Peroutka Firm's actions described herein constitute unfair or unconscionable means to collect or attempt to collect from the Named Plaintiffs and the Peroutka Class members in violation of 15 U.S.C. § 1692f.

139.    By filing documents in court records throughout the State of Maryland indicating that they have a right to collect costs in an amount greater than the costs actually assessed in the cause at judgment from the Named Plaintiffs and Peroutka Class members, the Peroutka Firm has used a communication in collecting or attempting to collect a debt which improperly implies that the government or a government agency has authorized the collection effort when the government has not done so but instead accepted that the Peroutka Firm would only seek to garnish funds its client's were legally entitled to collect, all in violation of 15 U.S.C. § 1692e(9).

140.    Named Plaintiffs and the Peroutka Class members have suffered actual economic and non-economic damages which are concrete injuries, as more fully described *supra* and have incurred attorney's fees and court costs as a result of the Peroutka Firm's illegal debt collection practices and direct and indirect actions described herein.

141.    The FDCPA provides for statutory damages in addition to actual damages.

        WHEREFORE, Named Plaintiffs pray that this Court enter judgment on the
        FDCPA claims in favor of them and the Peroutka Class against the
        Peroutka Firm and to:

        A.    Certify this case as a class action with the Named Plaintiffs as the Class
              Representatives for the Peroutka Class and their attorneys as counsel on
              behalf of the Peroutka Class described herein;

35

B.     Award actual damages in an amount determined by the trier of fact in a sum in excess of $75,000 to the Peroutka Class.

C.     Award statutory damages in the amount allowed by the FDCPA equal to a sum in excess of $75,000 to the Peroutka Class members;

D.     Award reasonable attorney's fees, litigation expenses and costs; and

E.     Provide such other or further relief as the Court deems appropriate.

### COUNT III: VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, U.S.C. § 1692, *et seq.* (Against Unifund on Behalf of the Unifund Class by Named Plaintiffs Busick and Schuler)

142.    Named Plaintiffs Busick and Schuler incorporate all preceding paragraphs as if set forth fully herein.

143.    Defendant Unifund acquired its interest, to collect for another, in the Named Plaintiffs Busick's and Schuler's and Unifund Class members' consumer accounts during a period in which it alleges (directly and indirectly) accounts were owed and unpaid and therefore it is a Debt Collector within the meaning of 15 U.S.C. § 1692a(6).

144.    By communicating with the Named Plaintiffs Busick and Schuler and Unifund Class members directly and indirectly and threatening and/or actually collecting collection costs in an amount greater than the costs actually assessed in the cause at judgment, Unifund used false, deceptive, or misleading representations or means in connection with the collection of the consumer debts of the Named Plaintiffs Busick and Schuler and Unifund Class members in violation of 15 U.S.C. § 1692e.

145.    Unifund's actions described herein constitute unfair or unconscionable means to

36

collect or attempt to collect from the Named Plaintiffs Busick and Schuler and the Unifund Class members in violation of 15 U.S.C. § 1692f.

146.    By filing documents in court records throughout the State of Maryland indicating that they have a right to collect collection costs in an amount greater than the costs actually assessed in the case at judgment from the Named Plaintiffs Busick and Schuler and Unifund Class members, Unifund has used a communication in collecting or attempting to collect a debt which improperly implies that the government or a government agency has authorized the collection effort when the government has not done so but instead accepted that Unifund would only seek to garnish funds it was legally entitled to collect, all in violation of 15 U.S.C. § 1692e(9).

147.    Named Plaintiffs Busick and Schuler and the Unifund Class members have suffered actual economic and non-economic damages, which are concrete injuries, as more fully described *supra* and have incurred attorney's fees and court costs as a result of Unifund's illegal debt collection practices and direct and indirect actions described herein.

148.    The FDCPA provides for statutory damages in addition to actual damages.

WHEREFORE, Named Plaintiffs Busick and Schuler pray that this Court enter judgment on their FDCPA claims in their favor and in favor of the Unifund Class against Unifund and to:

A.    Certify this case as a class action with the Named Plaintiffs Busick and Schuler as the Class Representatives for the Unifund Class and their attorneys as counsel on behalf of the Unifund Class described herein;

37

B.      Award actual damages in an amount determined by the trier of fact in a

sum in excess of $75,000 to the Unifund Class.

C.      Award statutory damages in the amount allowed by the FDCPA equal to

$500,000 to the Unifund Class members;

D.      Award reasonable attorney's fees, litigation expenses and costs; and

E.      Provide such other or further relief as the Court deems appropriate.

### COUNT IV: VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, U.S.C. § 1692, *et seq.* (Against LVNV on Behalf of the LVNV Class by Named Plaintiff Wack)

149.    Named Plaintiff Wack incorporates all preceding paragraphs as if set forth fully

herein.

150.    Defendant LVNV acquired its interest, to collect for another, in the Named

Plaintiff Wack's and LVNV Class members' consumer accounts during a period in which

it alleges (directly and indirectly) accounts were owed and unpaid and therefore it is a

Debt Collector within the meaning of 15 U.S.C. § 1692a(6).

151.    By communicating with Named Plaintiff Wack and Wack Class members directly

and indirectly and threatening and/or actually collecting collection costs in an amount

greater than the costs actually assessed in the cause at judgment, LVNV used false,

deceptive, or misleading representations or means in connection with the collection of the

consumer debts of the Named Plaintiff Wack and LVNV Class members in violation of

15 U.S.C. § 1692e.

152.    LVNV's actions described herein constitute unfair or unconscionable means to

collect or attempt to collect from the Named Plaintiff Wack and the Wack Class members in violation of 15 U.S.C. § 1692f.

153.    By filing documents in court records throughout the State of Maryland indicating that it had a right to collect collection costs in an amount greater than the costs actually assessed in the case at judgment from Named Plaintiff Wack and LVNV Class members, LVNV used a communication in collecting or attempting to collect a debt which improperly implies that the government or a government agency has authorized the collection effort when the government has not done so but instead accepted that LVNV would only seek to garnish funds it was legally entitled to collect, all in violation of 15 U.S.C. § 1692e(9).

154.    Named Plaintiff Wack and the LVNV Class members have suffered actual economic and non-economic damages, which are concrete injuries, as more fully described *supra* and have incurred attorney's fees and court costs as a result of LVNV's illegal debt collection practices and direct and indirect actions described herein.

155.    The FDCPA provides for statutory damages in addition to actual damages.

WHEREFORE, Named Plaintiff Wack prays that this Court enter judgment on her FDCPA claims in her favor and in favor of the LVNV Class favor against LVNV claims and to:

A.  Certify this case as a class action with the Named Plaintiff Wack as the Class Representatives for the LVNV Class and her attorneys as counsel on behalf of the LVNV Class described herein;

B.  Award actual damages in an amount determined by the trier of fact in a

sum in excess of $75,000 to the LVNV Class.

C.   Award statutory damages in the amount allowed by the FDCPA equal to
     $500,000 to the LVNV Class members;

D.   Award reasonable attorney's fees, litigation expenses and costs; and

E.   Provide such other or further relief as the Court deems appropriate.


### COUNT V: VIOLATION OF THE MARYLAND CONSUMER DEBT COLLECTION ACT,
### COM. LAW, §14-201 *et seq.* ("MCDCA")

**(Against the Peroutka Firm on Behalf of the Peroutka Class)**

156.    Named Plaintiffs incorporate all preceding paragraphs as if set forth fully herein.

157.    The Peroutka Firm is a collector by attempting to collect upon debts of the Named Plaintiffs and the Peroutka Class members arising out of consumer transactions, including post-judgment collection costs in an amount greater than the costs actually assessed in the case at judgment.  MD. CODE ANN., COM. LAW §14-201(b).

158.    Through its communications to the Named Plaintiffs and Peroutka Class members and those recorded in various courts through the State of Maryland, the Peroutka Firm has attempted to assert the right to collect money from the Named Plaintiffs and Peroutka Class members to which it has no legal right to attempt to collect because it may only collect collection costs which were assessed in the cause at judgment.   These communications are made in violation of MD. CODE ANN., COM. LAW §14-202(8).

159.    Further, the Peroutka Firm has maintained that it may cause garnishment proceedings to be threatened and carried out against the named Plaintiffs through

Maryland courts which seek to collect collection costs in excess of the collection costs which were assessed in the cause at judgment.  Such threats and actions violate MD. CODE ANN., COM. LAW §14-202(8).

160.    By filing documents in the government's and court records thoughout the State of Maryland indicating that it has a right to collect collection costs in excess of the collection costs which were assessed in the cause at judgment, the Peroutka Firm has used a communication in collecting or attempting to collect a debt which improperly implies that the government or a government agency has authorized the collection effort when the government has not done so in violation of MD. CODE ANN., COM. LAW §14-202(9).

161.    By filing official court forms to collect upon collection costs in excess of the collection costs which were assessed in the cause at judgment, the Peroutka Firm has simulated legal and judicial process in violation of MD. CODE ANN., COM. LAW §14-202(6).

162.    Named Plaintiffs and the Peroutka Class members are therefore entitled to their damages and losses described *supra* which have proximately resulted from the Peroutka Firm's direct and indirect actions in violation of the MCDCA.  MD. CODE ANN., COM. LAW, § 14-203.

WHEREFORE, Named Plaintiffs pray that this Court enter judgment in their favor and the Peroutka Class' favor against the Peroutka Firm upon their MCDCA claims and to:

A.  Certify this case as a class action with the Named Plaintiffs as the Class

Representatives for the Peroutka Class and their attorneys as counsel on behalf of the Peroutka Class described herein;

B. Award actual damages in an amount determined by the trier of fact in a sum in excess of $75,000 to the Peroutka Class and named Plaintiffs.

C. Provide such other or further relief as the Court deems appropriate.

**COUNT VI: VIOLATION OF THE MARYLAND CONSUMER DEBT COLLECTION ACT,**
**COM. LAW, §14-201 *et seq.* ("MCDCA")**
**(Against Unifund on Behalf of the Unifund Class by**
**Named Plaintiffs Busick and Schuler)**

163.    Named Plaintiffs Busick and Schuler incorporate all preceding paragraphs as if set forth fully herein.

164.    Unifund is a collector by attempting to collecting upon debts of the Named Plaintiffs Busick and Schuler and the Unifund Class members arising out of consumer transactions including post-judgment collection costs in an amount greater than the costs actually assessed in the case at judgment.  MD. CODE ANN., COM. LAW §14-201(b).

165.    Through its communications to the Named Plaintiffs Busick and Schuler and Unifund Class members and those recorded in various courts through the State of Maryland, Unifund has attempted to assert the right to collect money from the Named Plaintiffs Busick and Schuler and Unifund members to which it has no legal right to attempt to collect because it may only collect collection costs which were assessed in the case at judgment.  These communications are made in violation of MD CODE ANN., COM. LAW §14-202(8).

166.    Further, Unifund has maintained it may cause garnishment proceedings to be

threatened and carried out against the Named Plaintiffs Busick and Schuler and Unifund Class members through Maryland courts which seek to collect collection costs in excess of the collection costs which were assessed in the cause at judgment.  Such threats and actions violate MD CODE ANN., COM. LAW §14-202(8).

167.   By filing documents in court records thoughout the State of Maryland indicating that it has a right to collect collection costs in excess of the collection costs which were assessed in the cause at judgment, Unifund has used a communication in collecting or attempting to collect a debt which improperly implies that the government or a government agency has authorized the collection effort when the government has not done so in violation of MD CODE ANN., COM. LAW §14-202(9).

168.   By filing official court forms to collect upon collection costs in excess of the collection costs which were assessed in the cause at judgment, Unifund has simulated legal and judicial process in violation of MD CODE ANN., COM. LAW §14-202(6)

169.   Named Plaintiffs Busick and Schuler and the Unifund Class members are therefore entitled to their damages and losses described *supra* which have proximately resulted from Unifund's direct and indirect actions in violation of the MCDCA.  MD. CODE ANN., COM. LAW, § 14-203.

> WHEREFORE Named Plaintiffs Busick and Schuler pray that this Court to enter judgment in their favor and the Unifund Class' favor against Unifund upon their MCDCA claims and to:
>
> A.   Certify this case as a class action with the Named Plaintiffs Busick and Schuler as the Class Representatives for the Unifund Class and their

attorneys as counsel on behalf of the Unifund Class described herein;

B. Award actual damages in an amount determined by the trier of fact in a sum in excess of $75,000 to the Unifund Class.

C. Provide such other or further relief as the Court deems appropriate.

## COUNT VII: VIOLATION OF THE MARYLAND CONSUMER DEBT COLLECTION ACT,
## COM. LAW, §14-201 *et seq.* ("MCDCA")
### (Against LVNV on Behalf of the LVNV Class by
### Named Plaintiff Wack)

170.   Named Plaintiff Wack incorporates all preceding paragraphs as if set forth fully herein.

171.   LVNV is a collector by attempting to collecting upon debts of the Named Plaintiff Wack and the LVNV Class members arising out of consumer transactions including post-judgment collection costs in an amount greater than the costs actually assessed in the case at judgment.  MD CODE ANN., COM. LAW §14-201(b).

172.   Through its communications to the Named Plaintiff Wack and LVNV Class members and those recorded in various courts through the State of Maryland, LVNV has attempted to assert the right to collect money from the Named Plaintiff Wack and LVNV members to which it has no legal right to attempt to collect because it may only collect collection costs which were assessed in the case at judgment.  These communications are made in violation of MD CODE ANN., COM. LAW §14-202(8).

173.   Further, LVNV has maintained it may cause garnishment proceedings to be threatened and carried out against the Named Plaintiff Wack and LVNV Class members

through Maryland courts which seek to collect collection costs in excess of the collection costs which were assessed in the cause at judgment.  Such threats and actions violate MD CODE ANN., COM. LAW §14-202(8).

174.    By filing documents in court records thoughout the State of Maryland indicating that it has a right to collect collection costs in excess of the collection costs which were assessed in the cause at judgment, LVNV has used a communication in collecting or attempting to collect a debt which improperly implies that the government or a government agency has authorized the collection effort when the government has not done so in violation of MD CODE ANN., COM. LAW §14-202(9).

175.    By filing official court forms to collect upon collection costs in excess of the collection costs which were assessed in the cause at judgment, LVNV has simulated legal and judicial process in violation of MD CODE ANN., COM. LAW §14-202(6).

176.    Named Plaintiff Wack and the LVNV Class members are therefore entitled to their damages and losses described *supra* which have proximately resulted from LVNV's direct and indirect actions in violation of the MCDCA.  MD. CODE ANN., COM. LAW, § 14-203.

WHEREFORE Named Plaintiff Wack prays that this Court to enter judgment in her favor and the LVNV Class' favor against LVNV upon their MCDCA claims and to:

A. Certify this case as a class action with Named Plaintiff Wack as the Class Representative for the LVNV Class and her attorneys as counsel on behalf of the LVNV Class described herein;

B.  Award actual damages in an amount determined by the trier of fact in a sum

in excess of $75,000 to the LVNV Class.

C.  Provide such other or further relief as the Court deems appropriate.

### COUNT VIII: VIOLATION OF THE MARYLAND
### CONSUMER PROTECTION ACT,
### COM. LAW, §13-101 *et seq.* ("MCPA")
### (Against all Unifund by Named Plaintiff Busick)

177.    Plaintiffs re-allege and incorporate the foregoing allegations as if set forth fully in this Count.

178.    The Maryland Consumer Protection Act (MCPA) prohibits unfair or deceptive trade practices including but not limited to:

a.  making false or misleading oral and written statements which have the

tendency or effect of deceiving or misleading consumers. Md. Code Ann.,

Com. L. § 13-301(1).

b.  Failure to state a material fact which deceives or tends to deceive. Md.

Code Ann., Com. L. § 13-301(3).

c.  Violation of the MCDCA. Md. Code Ann., Com. L. § 13-301(14)(iii).

d.  Violation of the MTCPA. Md. Code Ann., Com. L. § 14-3202(a)

179.    Unifund violated the MCDCA, and therefore is liable *per se* under the Consumer Protection Act.

180.    Unifund falsely asserted that the Named Plaintiff and the Unifund Class owed inflated costs and fees to Unifund and were obligated to pay it.

181.    The Named Plaintiff and the Class, as well as the state court clerks, relied on Unifund's false assertions as to amounts due for costs.

182.    The Named Plaintiff and the Class sustained actual injury or loss as the

proximate result of Unifund's acts and practices prohibited by the MCDCA and MCPA, and have otherwise suffered actual damage caused by Unifund and the Peroutka Firm's actions in the form of Noneconomic damage and losses manifested by frustration, annoyance, and  the fact that Unifund, acting through the Peroutka Firm, continues to use the court system to attempt to collect sums they know they have no legal right to collect and then to compound matters by refusing and failing to reimburse sums paid to them which they know they have no legal right to retain.

> WHEREFORE Named Plaintiff prays that this Court enter judgment in her favor and in favor of the Unifund Class and against Unifund upon their MCPA claims and to:
>
> A.  Certify this case as a class action with Named Plaintiff Busick as the Class Representative for the Unifund Class and her attorneys as counsel on behalf of the Unifund Class described herein;
>
> B.  Award actual damages in an amount determined by the trier of fact in a sum in excess of $75,000 to the Unifund Class.
>
> C.  Award reasonble attorneys fees pursuant to the MCPA;
>
> D.  Provide such other or further relief as the Court deems appropriate.

**COUNT IX: VIOLATION OF THE MARYLAND
CONSUMER PROTECTION ACT,
COM. LAW, §13-101 *et seq.* ("MCPA")
(Against all LVNV by Named Plaintiff Wack)**

183.   Plaintiffs re-allege and incorporate the foregoing allegations as if set forth fully in this Count.

184.   The Maryland Consumer Protection Act (MCPA) prohibits unfair or deceptive

trade practices including but not limited to:

    e.  making false or misleading oral and written statements which have the tendency or effect of deceiving or misleading consumers. Md. Code Ann., Com. L. § 13-301(1).

    f.  Failure to state a material fact which deceives or tends to deceive. Md. Code Ann., Com. L. § 13-301(3).

    g.  Violation of the MCDCA. Md. Code Ann., Com. L. § 13-301(14)(iii).

    h.  Violation of the MTCPA. Md. Code Ann., Com. L. § 14-3202(a)

185.    LVNV violated the MCDCA, and therefore is liable *per se* under the Consumer Protection Act.

186.    LVNV falsely asserted that the Named Plaintiff and the LVNV Class owed inflated costs and fees to LVNV and were obligated to pay it.

187.    The Named Plaintiff and the Class, as well as the state court clerks, relied on LVNV's false assertions as to amounts due for costs.

188.    The Named Plaintiff and the LVNV Class sustained actual injury or loss as the proximate result of LVNV's acts and practices prohibited by the MCDCA and MCPA, and have otherwise suffered actual damage caused by LVNV and the Peroutka Firm's actions in the form of Noneconomic damage and losses manifested by frustration, annoyance, and  the fact that LVNV, acting through the Peroutka Firm, continues to use the court system to attempt to collect sums they know they have no legal right to collect and then to compound matters by refusing and failing to reimburse sums paid to them which they know they have no legal right to retain.

    WHEREFORE Named Plaintiff prays that this Court enter judgment in her favor and in favor of the LVNV Class and against LVNV upon their MCPA

claims and to:

A.  Certify this case as a class action with Named Plaintiff Wack as the Class

Representative for the LVNV Class and her attorneys as counsel on behalf

of the LVNV Class described herein;

B.  Award actual damages in an amount determined by the trier of fact in a sum

in excess of $75,000 to the LVNV Class.

C.  Award reasonble attorneys fees pursuant to the MCPA;

D.  Provide such other or further relief as the Court deems appropriate.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Respectfully Submitted,

*//s// Phillip R. Robinson*
Phillip R. Robinson, Fed. Bar No. 27824
Consumer Law Center LLC
8737 Colesville Road, Suite 308
Silver Spring, MD  20910
Phone (301) 448-1304
Email: phillip@marylandconsumer.com

*//s// Peter A. Holland*
Peter A. Holland
Fed. Bar No. 10866
Emanwel J. Turnbull
Fed. Bar No. 19674
THE HOLLAND LAW FIRM, P.C.
P.O. Box 6268
Annapolis, MD 21401
Telephone: (410) 280-6133
Facsimile: (410) 280-8650
Email: peter@hollandlawfirm.com

*//s// Scott C. Borison*
Scott C. Borison
Fed Bar. No. 22576
Legg Law Firm, LLP.
1900 S. Norfolk Rd. Suite 350
San Mateo CA 94403
Borison@legglaw.com
MD Office:
5235 Westview Dr. Suite 100
Frederick, Maryland 21703
(301) 620-1016
Fax: (301) 620-1018
Borison@legglaw.com

*Counsel for the Plaintiffs and Putative
Classes Asserted Herein*